### In re CANN.
### No. 13538.

District Court, W. D. Pennsylvania.
Jan. 6, 1931.

Edwin M. Underwood, of New Castle, Pa., referee.

Charles R. Davis, of New Castle, Pa., trustee.

Thos. J. Prather, of Pittsburgh, Pa., for trustee.

George F. Whitmer, of Clarion, Pa., for E. V. Thompson.

E. Lowry Humes, of Pittsburgh, Pa., for First Nat. Bank of Hazleton, Pa., and other creditors.

GIBSON, District Judge.

On July 21, 1927, a petition in bankruptcy was filed against Robert Price Cann, and on January 3, 1928, he was adjudged a bankrupt. On February 22, 1928, counsel for E. V. Thompson formally presented the claim of his client against the bankrupt, the amount being $3,229.90. The claim averred that the creditor had no security whatsoever for the debt in question. The claim was allowed by the referee on the date of presentation, and later E. V. Thompson, by his representative, appeared and voted as an unsecured creditor at the election of the trustee.

On April 2, 1928, E. V. Thompson filed a proof of claim, in amount $17,450, against the Mercer Iron & Coal Company, a corporation which, prior to its bankruptcy, had been operated by Robert Price Cann, and of which he held practically all of the stock. In this claim, it later developed, was included the amount of the claim of $3,229.90 against the individual estate of Cann. This claim also asserted that the creditor had no security for the indebtedness represented by it. The creditor, as in the Cann estate in bankruptcy, participated in the election of the trustee of the Mercer Iron & Coal Company.

The trustee in time learned that Thompson actually held certain stock belonging to Cann as security for the payment of both of the claims mentioned, and upon his petition the referee issued a rule upon Thompson to show cause why such stock should not be turned over to the trustee. Dr. Thompson, in answer to the rule, admitted that he held as collateral security upon the indebtedness 190 shares of Lakeside Park Company's stock and 45 shares of Sancrik Lumber Company stock. The value of this security, at the time of the hearing, was admittedly the sum of $23,800. After hearing pursuant to the rule, the referee ordered Dr. Thompson to deliver the stock to the trustee. The order of the referee was certified to this court for review. After partial hearing, however, the matter was returned to the referee for the purpose of affording Dr. Thompson an opportunity to amend his claims and take further testimony. After further hearing, the referee made the order now before the court, it being substantially an order directing Dr. Thompson to deliver the stock, held as collateral, to the trustee. Dr. Thompson, in September of 1928, prayed the permission of the referee to with-

662

draw his claim in the Mercer Iron & Coal estate, and in December, 1929, petitioned to like effect in the Cann estate. These petitions were denied by the referee in the order under review.

Counsel for the trustee have moved to dismiss the appeal by reason of the failure of the petitioner for review to comply with rule 7 of this court, which provides:

"When a review by the Judge of any order, ruling or decision of a Referee is desired, an objection shall be made and noted in the record at the time of the ruling or making of the order objected to."

The appellant has excepted to no specific finding of fact or conclusion of law on the part of the referee, but has taken a general exception to the entire order. Despite the failure of appellant to specify the error into which he alleges the referee has fallen, as required by rule, we have undertaken to review the order in question upon its merits. As we understand the appellant's position, it is to the effect that the referee abused his discretion in making the order. Our review of the record and testimony causes us to reject this contention. It is beyond dispute that Dr. Thompson filed a claim against the bankrupt in which he stated, contrary to the fact, that the indebtedness was unsecured. That claim was formally allowed by the referee, and the claimant's representative, pursuant to the allowance as an unsecured claim, participated and voted in the election of the trustee. Although the falsity of his claim was specifically called to his attention by the trustee's petition for the order for the delivery of the stock held, Dr. Thompson did nothing other than to oppose the order sought for a year, when he asked leave to withdraw his claim. In view of the fact that he has ignored frequent suggestions that he ask leave to open the judgment of the referee approving his claim and to amend his claim to conform with the fact, the referee seems to be justified in his conclusion that Dr. Thompson, by his petition to withdraw his claim, is seeking to shake off the jurisdiction of the bankruptcy court and so withdraw, with collateral in excess of his claim, from the proceeding to which he had voluntarily become a party and in which he had exercised certain of his privileges as a party. We agree with the referee that he should not be allowed so to do. He might have kept out of the bankruptcy court and have realized his claim from his pledge. He elected not to do this, however, and became a party in the bankruptcy proceeding. Having submitted himself to the jurisdiction of that court, and having exercised the rights which accrued to him by reason of that submission, he should not be permitted to withdraw from the proceeding without doing equity. Had he acted with reasonable promptitude, he might well have been given the right to amend his claim, and thereby obtain full payment upon his claim upon distribution of the bankrupt's estate. He has not chosen to seek this privilege, and consequently the referee was confined to two courses of procedure. He could allow the motion of the appellant and thus permit him to take away property of the bankrupt more than sufficient to pay his claim, or he could maintain the status of appellant as a general creditor which the latter had voluntarily, if improperly, assumed. We think he was correct in adopting the second alternative.

Finding, as we do, that the referee had jurisdiction to make the order certified for review, and that the testimony furnishes foundation for his findings of fact, we are required to dismiss the petition for review and sustain the order of the referee.